IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHN C. COOK,<br><br>    Plaintiff,<br><br>v.<br><br>COMENITY BANK<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)   **Case No. <u>18-cv-318</u>**<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff, John C. Cook, by and through his undersigned counsel, brings the following Complaint against Defendant and states as follows:

### PRELIMINARY STATEMENT

Plaintiff brings this action for actual, statutory and punitive damages, costs, and attorneys' fees pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.* against Defendant, Comenity Bank. Plaintiff also brings a separate claim for invasion of privacy by intrusion upon seclusion under Alabama state law against Defendant, Comenity Bank.

### JURISDICTION AND VENUE

1. Plaintiff invokes the jurisdiction of this Court pursuant to 15 U.S.C. § 1692k(d), 47 U.S.C. § 227(g)(2), 28 U.S.C. § 1331, and 28 U.S.C. § 1332 as the amount in controversy exceeds $75,000 among diverse parties. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

2. Jurisdiction over Plaintiff's claims under Alabama law is based on the doctrine of supplemental jurisdiction in accordance with 28 U.S.C. § 1367.

3. Subject matter jurisdiction exists pursuant to federal question jurisdiction, 28 U.S.C. § 1331, and diversity jurisdiction, 28 U.S.C. § 1332, as the amount in controversy exceeds $75,000 among diverse parties.

4. Venue is proper because Plaintiff lives in Camden, Wilcox County, Alabama, which is in the Southern District of Alabama, and because Defendant does business in the Southern District of Alabama. The alleged conduct and actions were committed in the Southern District of Alabama.

**PARTIES**

5. Plaintiff John C. Cook is an adult male citizen over the age of nineteen years who resides in Camden, Alabama.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) or a person affected by a violation of that law.

7. Defendant Comenity Bank is a corporation formed in the state of Delaware with its principal place of business in Delaware, and doing business in the state of Alabama.

8. As part of its business, Comenity Bank operates as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

**STATEMENT OF FACTS**

9. Plaintiff is an 80-year-old elderly man who lives in Camden, Alabama. The circumstances giving rise to this action first occurred on Friday, June 15, 2018, when a female agent or representative of Defendant contacted Plaintiff at his home by telephone to collect a

debt, which was a "communication" in attempt to collect a "debt" as defined under 15 U.S.C. § 1692a.

10. Specifically, Defendant's agent identified herself as a representative of Defendant Comenity Bank and stated she was attempting to collect on The Limited credit card debt in default, allegedly owed by Sherri Bush.

11. Defendant's agent knew, however, she was calling Plaintiff, not Sherri Bush, the alleged true debtor here.

12. This is not Plaintiff's debt. Plaintiff does not own the debt and has no connection to the debt whatsoever. Plaintiff informed the debt collector of this during the initial phone call with Defendant's agent.

13. Nevertheless, in the initial call Defendant accused Plaintiff of being "in cahoots with Sherri Bush", the alleged debtor, and demanded that Plaintiff provide his personal banking information, including his routing number and account number, to collect on the alleged debt owed by Sherri Bush. Plaintiff continued to deny it was his debt and that he had any connection to the debt or Ms. Bush.

14. Approximately one day later, the same female agent or representative of Defendant contacted Plaintiff again by telephone in an attempt to collect on the same The Limited credit card debt allegedly owed by Sherri Bush. Plaintiff again denied he owned the debt or had any connection to the debt owed by Ms. Bush. The Defendant became more hostile toward Plaintiff on this phone call. The debt collector specifically threatened Plaintiff by telling him that "he was going to be very sorry come Tuesday when [Defendant's agents] came down here if he did not go ahead and take care of the amount owed." Defendant's agent further stated that Plaintiff would be "behind bars on Tuesday" if he did not pay off the defaulted debt owed by Sherri Bush.

15. At this point, the in-person phone calls stopped. However, from Saturday, June 16, 2018 through Sunday, June 17, 2018, Defendant placed twenty-one (21) telephone "robocalls" to Plaintiff on his home phone in an attempt to collect the debt. Defendant used an automatic telephone dialing system and/or an artificial or prerecorded voice with the intent to annoy, abuse, and harass to coerce payment of the alleged debt owed by Sherri Bush.

16. At all relevant times, Plaintiff never gave express consent for Defendant to call or continue to call his telephone.

17. Plaintiff did not and has never owed a debt to The Limited.

### *Telephone Consumer Protection Act/Federal Debt Collection Practices Act*

18. At all relevant times, Plaintiff was and is a "person" as defined by 47 U.S.C. § 153(39).

19. At all relevant times, Defendant has owned, operated, and/or controlled "customer premises equipment" as defined by 47 U.S.C. § 153(16) that originated, routed, and/or terminated telecommunications.

20. The Defendant at all relevant times to the Complaint herein engaged in "telecommunications" defined by 47 U.S.C. § 153(50).

21. The Defendant at all times relevant to the Complaint herein engaged in "interstate communications" by 47 U.S.C. § 153(28).

22. At all times relevant to this Complaint, the Defendant has used, controlled, and/or operated "wire communications" as defined by 47 U.S.C. § 153(59), that existed as instrumentalities of interstate and intrastate commerce.

23. At all times relevant to this Complaint, Defendant has used, controlled, and/or operated "automatic dialing systems" as defined by 47 U.S.C. § 227(a)(1).

24. The two in-person telephone call from Defendant to Plaintiff also falsely stated that Plaintiff was "in cahoots" with the alleged debtor and threatened Plaintiff by telling him he would be "very sorry" and that he would be "behind bars" if he did not pay the debt.  This hostile and threatening conduct created substantial and legally unjustifiable fear and concern, anxiety, humiliation, and emotion distress in Plaintiff in violation of state and federal law, including the FDCPA.

25. These repeated collection calls were illegal third-party attempts to collect a debt in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692b(1), 1692(b)(2), 1692b(3), 1692c(b), 1692d(1), 1692(d)(2), 1692d(5), 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(7), 1692e(10), 1692e(11), and 1692f, amongst others.

26. The 21 auto-dialed robocalls were also illegal attempts to collect a debt in violation of the TCPA.  This hostile and threatening conduct created substantial and legally unjustifiable fear and concern, anxiety, humiliation, and emotion distress in Plaintiff in violation of state and federal law, including the TCPA.

## CAUSES OF ACTION

### COUNT ONE
### VIOLATIONS OF THE FAIR DEBT COLLECTION
### PRACTICES ACT, 15 U.S.C. § 1692 *et seq.*

27. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. The foregoing acts and omissions of Defendant and its agents constitute numerous violations of the FDCPA including, but not limited to, each and every one of the above cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq.*, with respect to Plaintiff.

29.     As a direct and proximate result of Defendant's violations of the FDCPA, Plaintiff has suffered compensable injury as set out above and is entitled to damages.

WHEREFORE, PREMISES CONSIDERED, Plaintiff claims damages against Defendant in actual, statutory, and compensatory damages, plus interests, costs, reasonable attorney's fees and any such other further relief as this Court deems proper and/or necessary pursuant to 15 U.S.C. § 1692k.

**COUNT TWO**
**VIOLATIONS OF THE TELEPHONE CONSUMER**
**PROTECTION ACT, 14 U.S.C. § 227** *et seq.*

30.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31.     Defendant made 21 calls to Plaintiff's telephone using an automatic, artificial or prerecorded telephone dialing system in violation of the TCPA, 47 U.S.C. Section 227(b)(1)(B).

32.     The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively, and absent bona fide error, lawful right, legal defense, legal justification, or legal excuse.

33.     Defendant did not have the prior express consent of Plaintiff to use an automatic telephone dialing system to call Plaintiff's telephone.

34.     Defendant made such calls willfully and knowingly.

35.     As a direct and proximate result of the above violations of the TCPA, Defendant caused Plaintiff to sustain damages as set out above.

WHEREFORE, PREMISES CONSIDERED, Plaintiff claims damages against Defendant in actual, statutory, and treble damages, plus any such other further relief as this Court deems proper and/or necessary pursuant to 47 U.S.C. § 227(b)(3).

## COUNT THREE
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

36.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37.     Congress explicitly recognized a consumer's inherent right to privacy in collection matters when passing the Fair Debt Collection Practices Act, when stating in its findings that: "**Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**." 15 U.S.C. § 1692(a) (emphasis added).

38.     Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leach Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors albeit without a private right of action when stating as part of its purposes that "It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information." 15 U.S.C. § 6801(a) (emphasis added).

39.     Defendant and/or its agents intentionally and/or negligently interfered with the solitude, seclusion and/or private concerns or affairs of Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt from the wrong person, and thereby invaded Plaintiff's privacy.

40.     Defendant and its agents intentionally and/or negligently caused emotional distress to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

41.     Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns, or affairs.

42. The conduct of Defendant and its agents, in engaging in this illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

43. As a direct and proximate result of Defendant's intrusions and invasions of privacy, Plaintiff has endured mental suffering and humiliation.

WHEREFORE, PREMISES CONSIDERED, Plaintiff claims damages against Defendant in actual, compensatory, and punitive damages and is entitled to any relief available under the law, or any such other relief as this Court deems proper.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL COUNTS.**

Dated this 17th day of July, 2018.

Respectfully Submitted,

/s/ J. Matthew Stephens
J. Matthew Stephens (ASB-3788-E66S)
Brooke B. Rebarchak (ASB-6522-S69V)
*Attorneys for Plaintiff*

**OF COUNSEL:**

**METHVIN, TERRELL, YANCEY, STEPHENS & MILLER, P.C.**
2201 Arlington Avenue South
Birmingham, Alabama 35205
Telephone: (205) 939-0199
Facsimile: (334) 939-0399
mstephens@mmlaw.net
brebarchak@mmlaw.net

**DEFENDANT TO BE SERVED BY CERTIFIED MAIL:**

**COMENITY BANK**
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801